Opinion filed July 20, 2006

















 
 
  
 
 







 
 
  
 
 




Opinion filed July 20, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00339-CV 

                                                    __________

 

                                MARK S. MAXWELL, D.O., Appellant

 

                                                             V.

 

                     DAVID
ELKINS AND JUANITA ELKINS, Appellees

 



 

                                         On
Appeal from the 350th District Court

 

                                                          Taylor County,
Texas

 

                                                   Trial
Court Cause No. 7457-D

 



 

                                                                   O
P I N I O N

 

Dr. Mark S. Maxwell filed this interlocutory
appeal from the trial court=s
order denying his  motion to dismiss the
health care liability claims of David and Juanita Elkins.  We affirm.








David Elkins suffered a job-related back injury
and received numerous treatments related to the injury.  The doctors determined that David=s injury would require surgery to
alleviate his back pain.  On October 18,
2002, Dr. Maxwell performed a bilateral decompression hemilameniectomy on David=s back to treat bilateral facet
fractures at the T-8 and T-9 level. 
David continued to suffer from back pain.  The Elkins=
claim is that Dr. Maxwell performed the surgery at the T-7 and T-8 level rather
than the T-8 and T-9 level. 

The chronology of events that occurred after the
Elkins first filed suit presents us with a complicated procedural posture on
appeal.  On August 14, 2003, the Elkins
filed suit against Dr. Maxwell and Hendrick
 Medical Center
for negligence.  At the time the Elkins
filed their 2003 lawsuit, claims against health care providers were governed by
the Medical Liability and Insurance Improvement Act, Tex. Rev. Civ. Stat.  art. 4590i, Acts 1999, 76th Leg., ch. 242, ' 1 (repealed 2003).  As relevant to this case, that statute
contained a provision that, if a claimant did not furnish an expert report
within 180 days after the date on which a health care liability claim was
filed, the claim would be dismissed with prejudice.  Article 4590i, section 13.01(d).  The Elkins furnished a report from Dr.
Michael G. Kaldis, but they did not furnish it within 180 days of the filing of
their  claim because of a calendaring
mistake.   Dr. Maxwell filed a motion to
dismiss objecting to the timeliness of the report.  Dr. Maxwell later withdrew his motion and
agreed that the report could be considered to be filed timely; he reserved his
right to question the sufficiency of the report.

On April 2, 2004, Dr. Maxwell filed another motion
to dismiss challenging the sufficiency of the Kaldis report.  On April 5, 2004, the Elkins filed an amended
petition adding another physician as a defendant.  The Elkins filed a notice of nonsuit dated
April 7, 2004; the nonsuit was directed only at the claim against Dr.
Maxwell.  The Elkins answered the motion
to dismiss and also sought an extension of time to file an expert report.  The trial court heard these motions on April
30, 2004.  On May 25, 2004, it granted a
30-day extension to the Elkins.  The
trial court also denied Dr. Maxwell=s
motion to dismiss.  There is some dispute
as to whether the trial court ruled on Dr. Maxwell=s
motion to dismiss directed at the timeliness of the Kaldis report or the motion
to dismiss that was based upon the sufficiency of the Kaldis report.  We will discuss that dispute later in this
opinion.  In its order granting the
extension and denying the motion to dismiss, the trial court also found that
the Elkins= nonsuit Aremains in full force and effect.@ 
The trial court never entered an order of nonsuit, and the Elkins did
not file another report within the period of the 30-day extension.  The claim against Dr. Maxwell was severed
from other claims in the lawsuit.








On October 25, 2004, the Elkins filed a new
lawsuit asserting the same claims against Dr. Maxwell.  On February 2, 2005, they also filed a new
expert report signed by Dr. R. David Bauer. 
On April 22, 2005, the trial court, by agreement of the parties,
consolidated the 2003 lawsuit with the 2004 lawsuit. 

By the time that the Elkins filed the 2004
lawsuit, the legislature had repealed Article 4590i and replaced it with Tex. Civ. Prac. & Rem. Code ' 74.351 (2005).[1]   Section 74.351(a), as it existed at the time
the Elkins filed this suit, contained the following provision:

In a health care liability claim, a claimant
shall, not later than the 120th day after the date the claim was filed, serve
on each party or the party=s
attorney one or more expert reports, with a curriculum vitae of each expert
listed in the report for each physician or health care provider against whom a
liability claim is asserted.[2]

 

The term Aclaim@ as used in Section 74.351(a) meant a
health care liability claim.  Section 74.351(r)(2).  A health care liability claim is defined as: 

[A]
cause of action against a health care provider or physician for treatment, lack
of treatment, or other claimed departure from accepted standards of medical
care, or health care ... which proximately results in injury to or death of a
claimant.

 

Tex. Civ. Prac. & Rem.
Code Ann. '
74.001(13) (Vernon 2005).

The parties agreed and the court ordered that,
once the cases were consolidated, they were Ato
proceed under Tex. Civ. Prac. & Rem. Code,
Chapter 74.@  The two cases were to proceed under the cause
number assigned to the 2004 lawsuit.

On July 5, 2005, Dr. Maxwell filed another motion
to dismiss in which he claimed that the Bauer report was not timely filed as
required by ATex. Civ.
Prac. & Rem. Code '
74.351 (a).@  He also claimed that the Kaldis report was
insufficient.  After a hearing, the trial
court denied Dr. Maxwell=s
motion to dismiss on September 22, 2005. 









Dr. Maxwell argues in his sole issue on appeal
that the trial court erred in denying his motion  to dismiss. 
This interlocutory appeal under Tex.
Civ. Prac. & Rem.Code Ann. '
51.014(a)(9), (10) (Vernon
Supp. 2005).  The notice of appeal states
that it is from Athe Court=s Order dated September 26, 2005.@ 
The record before this court does not contain an order dated September
26, 2005.  Therefore, we will assume that
the appeal is from the order dated September 22, 2005.  

We review a trial court=s
order on a motion to dismiss under an abuse of discretion standard.  Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios, 46 S.W.3d 873, 877 (Tex. 2001); Buck v. Blum, 130 S.W.3d 285, 291 (Tex. App.CHouston [14th Dist.] 2004, no
pet.).  We must determine whether the
trial court acted arbitrarily and without reference to any guiding rules or
principles.  Walker
v. Gutierrez, 111 S.W.3d 56, 62 (Tex.
2003).   

Dr. Maxwell contends basically that the parties
have agreed that Section 74.351(a) applies to the consolidated lawsuit; that
Section 74.351(a) requires that a claimant file an expert report within 120
days of the filing of the claim; that the claim was filed when the 2003 lawsuit
was filed; that the Bauer report was not filed within 120 days of the filing of
the 2003 lawsuit; that the Bauer report was, therefore, late;  and that the Kaldis report was insufficient.  Dr. Maxwell did not contest the sufficiency
of the Bauer report.

The Elkins argue that, even if Dr. Maxwell is
correct regarding the timeliness of the Bauer report, he has agreed that the
first expert report C
the Kaldis report C was
timely, that the trial court entered an order denying Dr. Maxwell=s motion challenging the sufficiency of
the Kaldis report, and that Dr. Maxwell has never appealed that ruling.  Thus, it is the Elkins=
position that the Kaldis report is sufficient to satisfy the requirements of
Section 74.351(a), regardless of the timeliness argument directed at the Bauer
report.  

The Kaldis report was timely, both by order of the
trial court and by Dr. Maxwell=s
agreement.  Thus, if the report was also
adequate, then we do not reach the question of whether the Bauer report was
timely because the Kaldis report would satisfy the requirements of the statute.








On appeal, Dr. Maxwell argues that, when the trial
court heard the motion to dismiss in the 2003 lawsuit, it heard only the
timeliness issue and did not rule on the sufficiency of the Kaldis report.  In his motion to dismiss filed in the 2004
lawsuit, Dr. Maxwell makes the statement that, on April 30, 2004, ACourt[s] conducts hearings on Notice of
Non-suit, Motion for Extension of Time to File Expert Report, Motion to
Dismiss, and Motion Challenging Adequacy of Kaldis Report.@ 
He also states that the trial court, in its ruling on the 2003 motion,
ruled only upon the timeliness issue and not on the issue of the adequacy of
the Kaldis report. The trial court states in its order in the 2003 lawsuit that
the extension  under Article 4590i,
section 13(g) is granted, that the nonsuit Aremains
in full force and effect,@
and that A[t]he
Defendant=s, Mark
S. Maxwell=s, Motion
for Dismissal with prejudice and for Sanctions is Denied.@ 
We note that at the time of the ruling Dr. Maxwell had only one motion
pending before the trial court C
his AMotion
Challenging the Sufficiency of Plaintiff=s
Article 4590i '13.01(d)
Expert Report.@  He previously had withdrawn his motion
challenging the timeliness of the Kaldis report.       

Because the timeliness of the Kaldis report was no
longer an issue, the only pending matters before the trial court were
necessarily dependent upon a determination of the adequacy of the Kaldis
report.   Although Dr. Maxwell argues
that the trial court never ruled on the motion to dismiss that was based on the
adequacy of the Kaldis report, he acknowledges in his brief to this court that
the trial court necessarily gave consideration to the adequacy of the report
because, Aotherwise,
there would have been no reason to grant the Elkins the requested thirty day
extension of time.@   

In the absence of support in the record, we may
not speculate on why the trial court granted the extension and yet denied the
motion to dismiss.  The trial court
implicitly found that the Kaldis report was substantively adequate.  The trial court=s
thought process is not a part of this record; its actions are.  The trial court denied Dr. Maxwell=s motion to dismiss.  That ruling was not appealed, and the
adequacy of the Kaldis report was not before the trial court when it denied the
motion to dismiss in the 2004 lawsuit. 
The trial court did not err when it denied Dr. Maxwell=s sole motion to dismiss the 2004
lawsuit.  Dr. Maxwell=s sole issue on appeal is overruled.








In view of our ruling, we need not discuss Dr.
Maxwell=s
argument that the time for filing expert reports under Section 74.351(a) begins
with the date that the claimant files the first lawsuit asserting a health care
liability claim, even if the claimant nonsuits the first lawsuit and files a
new one.  See
Park v. Lynch, No. 05-05-01629-CV,
2006 WL 1461198 (Tex. App.CDallas
May 30, 2006, no pet. h.);  Mokkala v.
Mead, 178 S.W.3d 66 (Tex. App.CHouston
[14th Dist.] 2005, pet. filed); Puls v. Columbia
Hosp. at Med. City
Dallas
Subsidiary, L.P.,  92 S.W.3d 613
(Tex. App.CDallas
2002, pet. denied).

The judgment of the trial court is affirmed.

 

JIM R. WRIGHT

CHIEF JUSTICE

 

July 20, 2006

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.











[1]Tex. Civ. Prac. & Rem.
Code Ann. '
74.351(a) (Vernon Supp. 2005) has been amended for cases filed after September
1, 2005.





[2]Current Section 74.351(a) provides:

 

In a health care liability claim, a claimant shall, not later than the
120th day after the date the original petition was filed, serve on each party
or the party=s attorney one or more expert reports, with a
curriculum vitae of each expert listed in the report for each physician or
health care provider against whom a liability claim is asserted.  The date for serving the report may be
extended by written agreement of the affected parties.  Each defendant physician or health care
provider whose conduct is implicated in a report must file and serve any
objection to the sufficiency of the report not later than the 21st day after
the date it was served, failing which all objections are waived.